THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN CARRILLO, Defendant and Appellant.

No. 6461. Argued May 21, 1937.—Decided May 26, 1937.

*Burset & Pérez Pimentel* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The complaint filed against the defendant and appellant reads as follows:

" . . . That at 8:00 p.m. on September 17, 1935, in the Plaza Muñoz Rivera of Humacao, P. R., within the Municipal · Judicial District of Humacao, P. R., the said defendant Juan Carrillo, *alias* Juan Alicea Carrillo, then and there, unlawfully, wilfully, and maliciously, with the purpose of using violence upon the person of another with intent to injure him, assaulted and battered with a sharp weapon, Pablo Reoyo, a human being, causing him a serious wound in the muscles of his right arm, which made it necessary to suture the wound with four stitches, for which he was treated in the municipal hospital of said city.

"The aggravating circumstance alleged in this complaint is that the wound inflicted by the defendant Juan Carrillo, *alias* Juan Alicea Carrillo, on the person of Pablo Reoyo was a serious bodily injury."

After a trial held in the District Court of Humacao, on appeal from the municipal court of that city, the defendant

was found guilty of aggravated assault and battery and sentenced to one year in jail and to pay the costs.

In the present appeal it is alleged as a ground for the reversal of the judgment that the latter is contrary to law and against the evidence.

The appellant argues that the serious character of the wound inflicted by the defendant upon the person of Pablo Reoyo being alleged in the complaint as an aggravating circumstance of the assault and battery, the district attorney should have presented evidence to prove that fact, and the appellant maintains that from the record there appears no evidence to show that the wound was a serious injury.

The reasoning of the appellant is based principally on the following incident which occurred at the trial. After the injured person and a witness for the prosecution had testified, the district attorney requested the court to summon the physician who assisted the wounded, and the court so ordered. The attorney for the defendant objected to the summoning of a witness whose name had not been endorsed on the complaint and who had not testified at the trial before the municipal court; and he further argued that it was not proper to admit evidence regarding the serious character of the wound, because the defendant having been found guilty by the municipal court of the crime of simple assault and battery, for which he was sentenced to a fine of $50, the defendant could not be subjected, on appeal before the district court, to a conviction of aggravated assault and battery. The court continued to examine another witness while the summon was served on the physician, and after that, around eleven o'clock in the morning, the marshal reported that the physician would not be able to appear before the court until four o'clock in the afternoon, as he was engaged in a very long operation. The district attorney submitted the case without any expert testimony being taken.

The defense moved to reduce the grade of the offense to simple assault and battery, and the court decided the motion in the following terms:

"Motion denied. The court holds that the presence of the physician to prove the serious character of the wound is not an indispensable requisite, but that it is one of the many elements to be considered in reaching a conclusion; and it further holds that if an expert comes, his opinion is not controlling upon the court."

We have carefully examined the evidence adduced by the district attorney and we are of opinion that it is quite sufficient to support the complaint and to justify the judgment appealed from. It appears therefrom that the defendant, with no excuse or justification whatsoever, assaulted and battered Pablo Reoyo, making use of a sharp weapon with which he inflicted upon him a wound in the muscles of his right arm; that the wound caused a hemorrhage which made it necessary to suture with six stitches the blood vessels or veins cut, and with four stitches the borders of the wound; that the injured party was confined in bed for ten days, having been exposed to the risk of septicemia. From the record it appears that at the trial the injured party showed to the trial judge the scar that the wound caused by the defendant in his right arm had left. The judge had the opportunity, which we have not had, to see and hear the witnesses and to inspect and determine the seriousness of the wound. The record does not show any fact whatsoever justifying the charge that the trial judge acted under the influence of passion or prejudice. In our opinion, the lower court committed no error in weighing the evidence. See *People* v. *Hong Ah Duck*, 61 Cal. 391; *People* v. *Gibson*, 106 Cal. 458; *Fuller* v. *State*, 23 So. 688; *Evans* v. *State*, 25 So. 175.

The judgment appealed from must be affirmed.